CARICO v. WILMORE, County Jailer.

(*District Court, W. D. Virginia.* May 14, 1892.)

1. APPEALABLE ORDERS—HABEAS CORPUS.
　　A district judge, in vacation, allowed a writ of *habeas corpus* for the person of a deputy marshal in custody under state process, and, after hearing, entered an order finding that the petitioner was in custody for an act done in pursuance of a law of the United States, that he had a right to have the prosecution against him moved to the federal circuit court, and therefore held him to bail for his appearance before that court. *Held,* that this was a final order, from which an appeal would lie to the United States supreme court

2. SAME.
　　The writ of *habeas corpus* allowed by the district court was not the writ provided for in Rev. St. § 643, in cases of removal of a prosecution against a revenue officer from a state to a federal court, which writ is issued by the clerk of the circuit court after the filing of the petition for removal, and therefore was not merely ancillary to a petition for removal which was filed in the circuit court the day after the writ was allowed.

Petition for Leave to Amend an order made after hearing on *habeas corpus,* so as to allow an appeal therefrom to the supreme court. Granted.

On the 18th day of December, 1891, petitioner presented his petition to the judge of the district court, in vacation of the court, alleging that he was unlawfully detained in custody by the respondent on an alleged

charge of murder in killing one James Nelson, and alleging that the killing of said Nelson was no murder, but was done in petitioner's own necessary self-defense, while in the discharge of his duties as deputy marshal in enforcing the internal revenue laws of the United States, and praying for a writ of *habeas corpus cum causa,* and also alleging that he had a right to be tried in the circuit court of the United States for said alleged offense. Upon this petition the judge of the district court made the following order:

"*In the District Court of the United States for the Western District of Virginia, in Vacation.*

"Upon the petition of Joseph H. Carico, stating that he is illegally detained in custody by W. D. Wilmore, the jailer of Smyth county, Virginia, a writ of *habeas corpus* is granted him, directed to the said W. D. Wilmore, jailer of Smyth county, Virginia, commanding him to have the body of the said petitioner, Joseph H. Carico, before the judge of this court on Wednesday, the 23d day of December, 1891, at 10 o'clock A. M., at Abingdon, Virginia, together with the day and cause of his caption and detention.

"JOHN PAUL,

"U. S. District Judge for the Western District of Virginia.

"*December* 18, 1891."

On this order a writ of *habeas corpus* was issued, returnable to the 23d day of December, 1891. On that day respondent filed his return to said writ, as follows:

"*To the Hon. Judge Paul, Judge of the District Court of the United States for the Western District of Virginia:* W. D. Wilmore, keeper of the jail of Smyth county, to whom the within writ is directed, has now here before the court the body of Joseph H. Carico, therein named, as thereby commanded; and I certify that the cause of the detention of said Joseph H. Carico is a warrant of commitment directed to me, a copy of which is hereto annexed, marked 'Exhibit A,' and the proceedings of the county court of Smyth county and the commonwealth of Virginia, marked 'Exhibit B,' and made part and parcel of this return.

"*Dated this* 23d *day of December,* 1891.

"W. D. WILMORE, Jailer of Smyth Co., Va."

Upon this return petitioner was admitted to bail, and the further hearing of the case continued to the 8th day of January, 1891, and at a special term of the district court begun on the last-named day at Abingdon, Va., the court heard the evidence in the case, and on the 12th day of January, 1892, entered the following order:

"It appearing to the court that petitioner is in custody for an act done in pursuance of a law of the United States, and is held in custody contrary to law by the jailer of Smyth county, Virginia, and that he has a right to have removed into the circuit court of the United States for the western district of Virginia the prosecution pending against him in the county court of Smyth county, Virginia, it is therefore ordered that the petitioner be recognized in the sum of one thousand dollars for his appearance before the circuit court for this district on the first day of the next regular term thereof to answer the indictment found against him by a grand jury of the county court of Smyth county, Virginia."

*F. S. Blair,* for petitioner.

*A. M. Dickenson,* for respondent.

PAUL, District Judge. No appeal having been taken to this order by respondent at the time it was entered, he now asks leave at this, the first term of the district court since the special term at which said order was entered, to amend the same, and grant him an appeal to the supreme court of the United States. Petitioner objects to said order being amended as prayed for, on the ground that an appeal lies only from a final decision, and that the order of January 12, 1892, taking petitioner from the custody of respondent, and holding him to answer the indictment to the United States court, is not such a final order as would give respondent the right to appeal; and on the further ground that respondent has no right of appeal, even if the said order be regarded as final. The court does not concur in these objections. It thinks the order releasing petitioner from the custody of respondent, and placing him in the custody of the marshal, and holding him to answer in the circuit court of the United States the indictment found against him in the county court of Smyth, is as final, as far as the respondent is concerned, as if the order had been for the absolute discharge of the petitioner from the custody of respondent. In the argument counsel for the petitioner claimed that no case can be found in the reported decisions of the United States court where such an appeal has been allowed to respondent. This position is incorrect. Such an appeal was allowed to the sheriff of San Joaquin county, Cal., in the case known as the *Neagle Case,* 135 U. S. 1, 10 Sup. Ct. Rep. 658. Such an appeal was also allowed in the case of *Brimmer* v. *Ribman,* 138 U. S. 78, 11 Sup. Ct. Rep. 213; and no doubt other decisions might be found to the same effect.

Nor is the position taken by counsel for the petitioner correct that the writ of *habeas corpus* was merely ancillary to the petition for the removal of the case of *The Commonwealth of Virginia* v. *Joseph H. Carico* from the county court of Smyth county, Va., to the circuit court of the United States. It was a distinct and different proceeding, held in a different court, and under a different statute. It was not taken under the provisions of section 643 of the Revised Statutes of the United States, as counsel for petitioner claims, in which case the writ would have been issued by the clerk of the circuit court as provided in said section. The writ was allowed by the district judge on the 18th day of December, 1891, whereas the petition for removal, as shown by record evidence used in the discussion of this motion, was not filed in the clerk's office of the circuit court until the 19th day of December, 1891. The court is of the opinion that the respondent in this case has the right to appeal to the supreme court of the United States, and the order will be amended accordingly.